Filed 3/27/25  P. v. Granillo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORGE RAYMOND GRANILLO, JR.,<br><br>Defendant and Appellant. | B333916<br><br>(Los Angeles County<br>Super. Ct. No. YA033403) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed and remanded with directions.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chung L. Mar and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

# I.     INTRODUCTION

Defendant Jorge Raymond Granillo, Jr. appeals from the trial court's ruling on his Penal Code section 1170.18[1] (Proposition 47) petition for resentencing on his conviction for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) (count 8[2]).  We reverse and remand the matter with directions set forth below.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments.  [Citation.]  In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

---

[1]     All further statutory references are to the Penal Code unless otherwise noted.

[2]     Defendant also had sustained six robbery convictions (§ 211) and an attempted robbery conviction (§§ 664/211), none of which was directly a subject of his petition for resentencing.

## II. DISCUSSION

Defendant contends the trial court abused its discretion when it failed to conduct a proper Proposition 47 analysis or provide him with a full resentencing hearing.[3]  The Attorney General concedes that the court erred and we agree.

We review the trial court's section 1170.18 decision for abuse of discretion.  (*People v. Strother* (2021) 72 Cal.App.5th 563, 571.)  A trial court abuses its discretion when it bases its decision on an incorrect legal standard.  (*People v. Knoller* (2007) 41 Cal.4th 139, 156; *In re M.W.* (2018) 26 Cal.App.5th 921, 931 ["a court abuses its discretion when it misinterprets or misapplies the law"].)

"Under section 1170.18, subdivision (a), a person who is currently serving a sentence for a felony conviction that would have been a misdemeanor under the Act may petition the court that entered the judgment of conviction to recall the person's felony sentence and resentence the person as if he or she had been convicted of the misdemeanor.  If the court determines that the defendant satisfies the criteria of section 1170.18, subdivision (a), the court is required to recall the felony sentence and resentence the defendant to the misdemeanor sentence, 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)"  (*People v. Jefferson* (2016) 1

---

[3]  Because we conclude a resentencing and remand is required for the court to specify its sentence on count 8, we need not address defendant's alternative arguments that the court abused its discretion when it failed to consider evidence of his "behavior and progress."

Cal.App.5th 235, 239–240.)  Proposition 47's definition of "'unreasonable risk of danger to public safety'" refers to a danger that a defendant will commit a "super[-]strike." (*People v. Valencia* (2017) 3 Cal.5th 347, 355–356; § 1170.18, subd. (c).)

When a trial court determines a defendant is eligible and suitable for Proposition 47 sentencing, the full resentencing rule applies. (*People v. Buycks* (2018) 5 Cal.5th 857, 893–894; *People v. Walker* (2021) 67 Cal.App.5th 198, 204–206.)  "[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant.  [Citations.]  . . . A court conducting a full resentencing . . . may, as appropriate, revisit sentencing choices such as a decision to stay a sentence [citation], to impose an upper term instead of a middle term [citation], or to impose concurrent instead of consecutive sentences [citation]." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.)

The trial court failed to follow properly the resentencing procedures in section 1170.18.  It concluded that defendant was eligible and suitable for resentencing on count 8 but failed to resentence defendant on that count.

## III.   DISPOSITION

The order is reversed.  The cause is remanded to conduct a full resentencing hearing that must include the imposition of a sentence on count 8, which count the trial court recalled and designated a misdemeanor.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

5